1

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| CATALINA RICALDAI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>US INVESTIGATIONS SERVICES, LLC, a Delaware limited liability company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV10-7388-DDP- PLA(x)<br><br><u>Assigned for all purposes:</u><br>Hon. Dean D. Pregerson/ Court Room 3<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed:  August 26, 2010 |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER

# PROTECTIVE ORDER

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

Pursuant to the parties' Stipulation, IT IS HEREBY ORDERED as follows:

## Scope

1.      This protective order shall govern all documents and information produced or disclosed in this Action by either party (the "Designating Party") to the other party ("the Receiving Party") that are designated as "Confidential Information" or "Attorneys Eyes Only Material."

## Good Cause Statement

2.      The job duties of investigators employed by USIS in California, including Plaintiff, involved conducting background investigations on individuals applying for government security clearances.  USIS investigators conducted these investigations pursuant to contracts with government organizations such as the Office of Personnel Management.  Documents discussing or otherwise identifying methods for completing investigations and/or information related to particular investigations are considered proprietary, private and confidential.  USIS is also obligated to protect certain information from public disclosure due to national security concerns as well as confidentiality obligations mandated through its contracts with various government agencies. Some information and documents that USIS and government agencies consider confidential may be requested in the litigation and may have some relevance to Plaintiff's claims.

3.      Plaintiff's allegations, including her wage statement claim, may also require disclosure of private information regarding current and/or former employees, including information about their pay and/or their private contact information.

4.      USIS also expects that Plaintiff may request and it may need to produce trade secret and/or business confidential information related to USIS's business and ability to compete that would likely cause significant harm to USIS if it is made available or accessible publicly and/or to USIS competitors.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER                    2.

1     5.     For the reasons set forth above, good cause exists for a protective order

2  that will allow the parties to produce documents and information that they consider

3  confidential, private, sensitive and/or trade secret while taking appropriate steps to

4  protect the confidential, private, sensitive and/or trade secret nature of the documents

5  and information.

6                              **Confidential Information**

7     6.     "Confidential Information" means any information contained in a

8  document that is stamped with a "Confidential" designation.  Confidential Information

9  may include, but is not limited to:

10          (a)     Information about current, past, or prospective employees that is of

11  a confidential or private nature, including, but not limited to, current or former

12  employees' names and contact information, wage information and job performance-

13  related documentation;

14          (b)     Proprietary, confidential or sensitive business information or

15  information that otherwise is protected as a trade secret; or

16          (c)     Information that is classified or otherwise protected by

17  Defendant's secrecy and confidentiality obligations as set forth in Defendant's

18  contracts with the U.S. Office of Personnel Management and/or other federal entities,

19  to include any related laws or regulations and all related advisory materials and

20  guidelines.

21     7.     "Attorneys Eyes Only Material" means any information contained in a

22  document that is stamped with an "Attorneys Eyes Only" designation.  Attorneys Eyes

23  Only Material may include, but is not limited to:

24          (a)     Highly confidential or sensitive business information that could

25  cause financial harm to Defendant if disseminated to the public or competitors; or

26          (b)     Information that is classified or otherwise protected by

27  Defendant's secrecy and confidentiality obligations as set forth in Defendant's

28  contracts with the U.S. Office of Personnel Management and/or other federal entities,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER                    3.

1    to include any related laws or regulations and all related advisory materials and

2    guidelines and that is not typically shared with or known to investigators.

3         8.    Stamping "Confidential" or "Attorneys Eyes Only" on the cover of a

4    multiple page document shall classify all pages of the document with the same

5    designation unless otherwise indicated by the Designating Party.    Marking or

6    stamping "Confidential Information" or "Attorneys Eyes Only Material" on a label on

7    any electronic storage medium shall designate the entire contents of such electronic

8    storage medium as Confidential Information or Attorneys Eyes Only Material.

9    **Restrictions On Disclosure of Confidential Information and Attorneys Eyes Only**

10                                           **Material**

11        9.    Subject to paragraph 11, and excepting the Court and any Court

12   personnel, Confidential Information produced under this protective order shall not be

13   disclosed by any person who has received such Confidential Information through this

14   action to any other person except to:

15        (a)    Attorneys of record for the parties and their respective associates,

16   paralegals, clerks and employees involved in the conduct of this litigation, and

17   Defendant's in-house attorneys and attorneys employed by its corporate parents and/or

18   corporate affiliates and their respective paralegals, clerks and employees;

19        (b)    Any outside consultant or expert and any employees thereof who

20   would, in the course and scope of their employment or engagement, handle the at-

21   issue documents, whether formally retained or not;

22        (c)    Stenographic employees, court reporters and videographers

23   recording or transcribing testimony in this action;

24        (d)    The Court and any Court personnel to whom it is necessary to

25   disclose the information as well as any mediators used to try to resolve the action;

26        (e)    Current or former employees of Defendant or its parent or

27   affiliated companies who may serve as witnesses, but only insofar as such

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER                    4.

1  Confidential Information is relevant to their testimony and disclosure is not otherwise
2  prohibited by applicable law;

3         (f)    Plaintiff Catalina Ricaldai and any other representative plaintiff
4  that may be added to the litigation;

5         (g)    Any person who was involved in the preparation of the document,
6  materials or the discovery responses containing Confidential Information or who
7  lawfully received or reviewed the documents or to whom the Confidential Information
8  has previously been made available other than by one receiving such Confidential
9  Information in connection with this action; and

10         (h)    Any other person with the prior written consent of the Designating
11  Party or pursuant to an order issued by this Court.

12      10.    Subject to paragraph 11, and excepting the Court and any Court
13  personnel, Attorneys Eyes Only Material produced under this protective order shall
14  not be disclosed by any person who has received such Attorneys Eyes Only Material
15  through this action to any other person except to:

16         (a)    Attorneys of record for the parties and their respective associates,
17  paralegals, clerks and employees involved in the conduct of this litigation, and
18  Defendant's in-house attorneys and attorneys employed by its corporate parents and/or
19  corporate affiliates and their respective paralegals, clerks and employees;

20         (b)    Any outside consultant or expert and any employees thereof who
21  would, in the course and scope of their employment or engagement, handle the at-
22  issue documents, whether formally retained or not;

23         (c)    Stenographic employees, court reporters and videographers
24  recording or transcribing testimony in this action;

25         (d)    The Court and any Court personnel to whom it is necessary to
26  disclose the information as well as any mediators used to try to resolve the action;

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER           5.

1    (e)    An employee or agent of the Designating Party, but only insofar as
2  such Attorneys Eyes Only Material is relevant to their testimony and disclosure is not
3  otherwise prohibited by applicable law; and

4    (f)    Any other person with the prior written consent of the Designating
5  Party or pursuant to an order issued by this Court.

6    11.    Prior to the Receiving Party providing Confidential Information to any
7  person with access to Confidential Information that is authorized pursuant to the terms
8  of this protective order, such person (i) shall be provided a copy of this protective
9  order and (ii) shall agree in writing, in the form of the Protective Order
10  Acknowledgment and Non-Disclosure Agreement, attached hereto as Exhibit A, to be
11  bound by the terms of this protective order.  These requirement do *not* apply to
12  Confidential Information provided to the Court or to any Court personnel.  Prior to the
13  Receiving Party providing Attorneys Eyes Only Material to any person with access to
14  Attorneys Eyes Only Material that is authorized pursuant to the terms of this
15  protective order, such person (i) shall be provided a copy of this protective order and
16  (ii) shall agree in writing, in the form of the Protective Order Acknowledgment and
17  Attorneys Eyes Only Non-Disclosure Agreement, attached hereto as Exhibit B, to be
18  bound by the terms of this protective order.  These requirement do *not* apply to
19  Attorneys Eyes Only Material provided to the Court or any Court personnel.  The
20  Receiving Party shall retain all executed non-disclosure agreements until the end of
21  the action.  In the event of a possible violation of this protective order during the
22  pendency of this litigation, either party may make a motionto request that the Court
23  order production of the executed non-disclosure agreements to the Designating Party
24  for good cause shown.  Otherwise, these non-disclosure agreements are strictly
25  confidential and are not subject to any discovery request while the action is pending.
26  No more than thirty (30) calendar days after the end of litigation in the action as
27  defined in paragraph 8 below, the Receiving Party shall provide copies of all executed
28  non-disclosure agreements to the Designating Party.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER                    6.

12.     The action is at an end when all of the following that are applicable occur:  (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have concluded.

## <u>Use of Confidential Information and Attorneys Eyes Only Material</u>

13.     Confidential Information and Attorneys Eyes Only Material shall be used solely and exclusively for preparing for and prosecuting this case, including any claims on behalf of the named plaintiff(s) and any putative class members pending the completion of the judicial process, including appeal.  Confidential Information and Attorneys Eyes Only Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

14.     Notwithstanding any other provisions hereof, nothing in this protective order shall restrict any party's counsel from rendering advice to its client with respect to this action and, in the course thereof, relying upon Confidential Information and/or Attorneys Eyes Only Material, provided that in rendering such advice, counsel shall not disclose the other party's Confidential Information and/or Attorneys Eyes Only Material other than in a manner expressly provided for in this protective order.

15.     If Confidential Information or Attorneys Eyes Only Material is used in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "Confidential" or "Attorneys Eyes Only."  Testimony taken at a deposition may be designated as Confidential Information or Attorneys Eyes Only Material by making a statement to that effect on the record at the deposition, as to the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material.  If any portions of the deposition transcript and/or video or audio versions of the depositions contain Confidential

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER                              7.

Information or Attorneys Eyes Only Material, or references thereto, they must be filed with the Court in compliance with paragraph 22 of the protective order.

16. A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action. Any audiotape and/or videotape of said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record. Any audiotape shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

17. Only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used. However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend portions of the deposition where Attorneys Eyes Only Material is not used or discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information.

**Protection of Confidential Information and Attorneys Eyes Only Material**

18. Counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and Attorneys Eyes Only Material and will limit access to Confidential Information and Attorneys Eyes Only Material only to the persons authorized by this protective order.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER                    8.

19.     Any party who is served with a subpoena or other request for production of Confidential Information or Attorneys Eyes Only Material produced by the other party must immediately provide written notice of such subpoena or other notice to the Designating Party so as to afford the Designating Party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information or Attorneys Eyes Only Material.  Upon receiving such notice, the Designating Party shall bear the burden of opposing, if it deems appropriate, the subpoena or request for production. In no event should production or disclosure be made without written approval by the Designating Party unless required by court order arising from a motion to compel production or disclosure of Confidential Information or Attorneys Eyes Only Material.

20.     Unless otherwise ordered or agreed in writing by the parties, within ninety (90) days of the settlement or termination (as defined in paragraph 8) of this action, the parties must simultaneously exchange and surrender any Confidential Information or Attorneys Eyes Only Material, provided, however, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information that has become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions.  Such information shall remain subject to the terms of this protective order.

**Challenges to Designation**

21.     Any party may challenge the propriety of the designation of Confidential Information or Attorneys Eyes Only Material pursuant to Local Rule 37.   In accordance with Local Rule 37-1, prior to filing any motion asking the Court to make a determination as to the propriety of a designation the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.  In the event that this conference of counsel does not resolve the dispute between the parties, the Receiving Party can bring a motion pursuant to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER                              9.

1    Local Rule 37-2 to have the Court make a determination regarding the propriety of the

2    disputed designation.  As part of any such motion, if one or both parties wish to file

3    the Joint Stipulation required by Local Rule 37-2 under seal, the parties will either file

4    a stipulation to that effect or the moving party will file an ex parte application making

5    the appropriate request.  Any stipulation or ex parte application addressing why the

6    Joint Stipulation or portions thereof should be filed under seal must set forth good

7    cause.

8                    **Filing Confidential Information or Attorneys Eyes Only Material**

9            22.     The parties shall use the following procedure for submitting to the Court

10   papers consisting of, relating to, containing, incorporating, reflecting, describing or

11   attaching Confidential Information:

12                       For all pretrial discovery and non-discovery-related motions,
                         memorandum of law, certification, exhibit annexed thereto
13                       that contains Confidential Information shall be filed in
                         accordance with Local Rule 79 by placing the original and
14                       judge's copy of the document in sealed separate envelopes
                         with a copy of the title page attached to the front of each
15                       envelope.  Conformed copies need not be placed in sealed
                         envelopes.  Confidential material to be placed under seal,
16                       shall not be electronically filed but shall be filed manually in
                         the manner prescribed by Local Rule 79-5.  A Notice of
17                       Manual Filing shall also be electronically filed identifying
                         materials being manually filed.
18

19           23.     Furthermore, if Confidential Information or Attorneys Eyes Only

20   Material is included in any papers to be filed in Court, such papers shall be

21   accompanied by an application to file the papers – or the confidential portion thereof –

22   under seal.  This application must show good cause for the under seal filing.  The

23   application shall be directed to the judge to whom the papers are directed.  Pending

24   the ruling on the application, the papers or portions thereof subject to the sealing

25   application shall be lodged under seal.

26           24.     All confidential information contained in documents designated as

27   Confidential Information or Attorneys Eyes Only Material used at trial and in all post-

28   trial proceedings shall become public unless a separate court order is obtained upon

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER                          10.

noticed motion and sufficient cause shown.  Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or Attorneys Eyes Only Material into evidence, on grounds, including, but not limited to, relevance and privilege.

### Miscellaneous Provisions

25.   It is expressly understood by and between the parties that in producing Confidential Information and/or Attorneys Eyes Only Material in this litigation, the parties are relying upon the terms and conditions of the protective order.

26.   The parties can modify the terms of the protective order by written agreement or the Court may modify it through an order.  The protective order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement of this action.

27.   This Amended Stipulation for Protective Order shall supersede the prior Stipulated Protective Order between the parties.

IT IS SO ORDERED.

Dated:  April 13, 2011

_____
HON. PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

PROTECTIVE ORDER                    11.

**EXHIBIT A**

**<u>Protective Order Acknowledgment and Non-Disclosure Agreement</u>**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Ricaldai v. US Investigations Services LLC,* currently pending in the U.S. District Court for the Central District of California, Case No. CV10-7388-DDP- PLA(x).  I certify that I am an appropriate person for receipt of Confidential Information under the protective order.  I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the protective order.  I understand and agree that my use of any Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled litigation, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this action, I will promptly surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order.  I will not retain copies of any such Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.  By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this nondisclosure Order and Non-Disclosure Agreement.

Dated:   _____                              _____
                                                              [Signature]


                                                              _____
                                                              [Print Name]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

PROTECTIVE ORDER                          12.

**EXHIBIT B**

**Protective Order Acknowledgment and Attorneys Eyes Only Non-Disclosure**

**Agreement**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Ricaldai v. US Investigations Services LLC,* currently pending in the U.S. District Court for the Central District of California, Case No. CV10-7388-DDP- PLA(x).  I certify that I am an appropriate person for receipt of Attorneys Eyes Only Material and Confidential Information under the protective order.  I understand and agree to be bound by the terms of the protective order and will not disclose any of the Attorneys Eyes Only Material and Confidential Information provided to me to any third person, except as allowed in the protective order.  I understand and agree that my use of any Attorneys Eyes Only Material and Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled litigation, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this action, I will promptly surrender all Attorneys Eyes Only Material and Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order.  I will not retain copies of any such Attorneys Eyes Only Material and Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

*[Signature on following page]*

PROTECTIVE ORDER

1    By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction

2 of the U.S. District Court for the Central District of California for purposes of

3 enforcing the terms of this agreement.

4 Dated:        _____                _____

5                                                                [Signature]

6                                          _____

7                                                              [Print Name]

8
Firmwide:97956403.3 065061.1003

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER                          2.