O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALINA RICALDAI, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>US INVESTIGATIONS SERVICES, LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. CV 10-07388 DDP (PLAx)<br><br>**ORDER CONTINUING HEARING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MODIFYING CLASS CERTIFICATION BRIEFING SCHEDULE**<br><br>[Docket No. 48] |

    Defendant US Investigations Services has filed a Motion for Partial Summary Judgment ("Motion"). The Motion is currently scheduled for hearing on Monday, October 24, 2011. For the reasons discussed below, the court, on its own motion, continues the hearing to Monday, February 13, 2012. The court also modifies the class certification briefing schedule accordingly. The parties are directed to inform the court immediately, however, if the California Supreme Court issues a decision in its review of <u>Brinker Rest. Corp. v. Super. Ct.</u>, 80 Cal. Rptr. 3d 781 (2008), and related cases prior to February 6, 2011.

## I. BACKGROUND

Defendant has moved for summary judgment as to Plaintiff's claim for failure to provide meal periods, and a number of other allegedly derivative claims. Defendant contends that it did not violate California Labor Code sections 226.7 and 512, because it always afforded Plaintiff the opportunity to take meal breaks. (Mot. at 1.) Plaintiff disputes this factual allegation and the suggested legal standard, arguing that employers have an affirmative obligation to ensure that workers are actually relieved of all duty during meal periods. (Pl.'s Opp'n to Mot. at 7-8.)

## II. DISCUSSION

"The law on this issue is unsettled." Jaimez v. DAIOHS USA, Inc., 181 Cal. App. 4th 1286, 1303 (2010). The California Courts of Appeals have reached conflicting decisions and the Supreme Court has granted review. Compare Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949, 962 (2005) ("[E]mployers have an affirmative obligation to ensure that workers are actually relieved of all duty." (internal quotation marks omitted)), with, e.g., Brinker Rest. Corp. v. Super. Ct., 80 Cal. Rptr. 3d 781, 802 (2008) ("[E]mployers need only make meal breaks available, not 'ensure' they are taken . . . ."), review granted, 85 Cal. Rptr. 3d 688 (2008); Brinkley v. Pub. Storage, Inc., 84 Cal. Rptr. 3d 873, 883 (2008) (same), review granted, 87 Cal. Rptr. 3d 674 (2009); In re Lamps Plus Overtime Cases, 125 Cal. Rptr. 3d 590, 600-03 (2011) (same), review granted, July 20, 2011.

The California Supreme Court's review of these decisions is likely to clarify the law, impacting both substantive claims and class certification. See In re Taco Bell Wage & Hour Actions, No.

07-CV-01314, 2011 WL 3846727 at *5 (E.D. Cal. Aug. 30, 2011) ("The California Supreme Court's resolution of Brinker and Brinkley will clarify employer obligations regarding rest and meal breaks and will likely determine whether Plaintiffs' proposed rest and meal break subclasses may be certified."). Numerous district courts have therefore stayed relevant proceedings, in the interest of "judicial economy and the orderly course of justice." Id.; see also, e.g., Gong-Chun v. AETNA, Inc., No. 09-CV-01995, 2010 WL 1980175, at *5 (E.D. Cal. May 17, 2010); Minor v. FedEx, No. C 09-1375, 2009 WL 1955816, at *1 (N.D. Cal. July 6, 2009); Lew v. Countrywide Fin. Corp., No. C 08-1993, 2009 WL 1384975, at *2 (N.D. Cal. Feb. 24, 2009).

Further, on October 4, 2011, the California Supreme Court scheduled oral argument in Brinker, for November 8, 2011. See Supreme Court of California, Oral Argument Calendar, San Francisco Session, November 8 and 9, 2011, available at http://www.courtinfo.ca.gov/courts/calendars/documents/SNOV11.PDF. The Court typically issues its decision within ninety days of oral argument. See The Supreme Court of California 23 (2007) (setting forth the Court's operating practices and procedures), available at http://www.courts.ca.gov/documents/2007_Supreme_Court_Booklet.pdf. The Court should therefore issue its decision in Brinker by February 6, 2011.

Accordingly, it is in the interest of judicial economy and justice for the court to continue the Motion here, as to Plaintiff's meal period and allegedly derivative claims, until after the California Supreme Court issues its decision establishing the relevant legal standard. Because the Motion and pending

3

decision will also impact class certification, the briefing schedule must be modified as well.

**III. CONCLUSION**

For the reasons stated above, the court continues Defendant's Motion for Partial Summary Judgment to February 13, 2012 at 10:00 a.m. The court also modifies the class certification briefing schedule as follows: the last day to file a motion regarding class certification is February 28, 2012; the opposition must be filed by April 5, 2012; and the reply is due by May 3, 2012. Finally, the parties are directed to inform the court immediately, if the California Supreme Court issues a decision in its review of <u>Brinker</u> before February 6, 2011.

IT IS SO ORDERED.

Dated: October 25, 2011

DEAN D. PREGERSON
United States District Judge